## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROBERT RICHARDS,          :    CRIMINAL NO.
    Movant,           :    1:07-CR-0412-CAP-GGB-18
                            :
v.                     :    CIVIL ACTION NO.
                            :    1:13-CV-2376-CAP-GGB
UNITED STATES OF AMERICA,  :
    Respondent.        :    MOTION TO VACATE
                            :    28 U.S.C. § 2255

## FINAL REPORT AND RECOMMENDATION

Movant, Robert Richards, has filed a motion to vacate sentence under 28 U.S.C. § 2255.  [Doc. 1000].  Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If it does so appear, the Court "must dismiss the motion."  Rule 4, § 2255 Proceedings.  I have examined Richards's § 2255 motion and the record in this case and find it plainly apparent that Richards is not entitled to relief for the reasons explained below.

I. Background

Richards and 21 other individuals were charged in an eleven count indictment for money laundering and drug crimes.  [Doc. 221].  Richards was indicted for three crimes:  conspiracy to possess with intent to distribute at least 5 kilograms of cocaine; conspiracy to launder money; and laundering money.  [*Id.*].  Richards entered a plea of guilty to conspiring to distribute cocaine, and he waived his right to a trial by jury for the money laundering charges.  [Doc. 733].

On February 23, 2009, Richards was found guilty by the district court of conspiracy to launder money and of laundering money.   [*Id.*]; 18 U.S.C. §§ 1956(a)(2)(A), (h).  On June 12, 2009, Richards was sentenced to 240 months of imprisonment for his drug crime, a concurrent term of 121 months of imprisonment for his money laundering crimes, and ten years of supervised release.  [Doc. 769].

Richards appealed, and on February 2, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences.  *United States v. Richards*, 363 F. App'x 729 (11th Cir. 2010); [Doc. 872]. On January 18, 2011, the United States Supreme Court denied certiorari.  *Richards v. United States*, 131 S. Ct. 994 (2011); [Doc. 903].

2

On July 8, 2013, Richards delivered to prison officials for mailing a motion to vacate under § 2255, and the motion was filed in this Court on July 16, 2013. [Doc. 1000]. In his motion, Richards contends that he is entitled to relief and his motion is timely filed based on the recent Supreme Court case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[1] Specifically, Richards contends that the 21 U.S.C. § 851 enhancement applied to his sentence should be vacated, because the district court, not a jury, made the factual finding that he had a prior felony drug conviction and qualified for the enhancement.

II. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[1]*Alleyne* is the latest in a series of cases following *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which held that under the Fifth and Sixth Amendments, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. *Alleyne* now dictates that any fact that increases the mandatory minimum sentence for an offense is an element which must be submitted to the jury.

3

United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Richards argues that his motion is timely under § 2255(f)(3) based on the Supreme Court's decision in *Alleyne*. Although the Eleventh Circuit has not yet decided the issue, other courts who have considered it have held that *Alleyne* has not been made retroactively applicable to cases on collateral review. *See In re Payne*, No. 13-5103, 2013 WL 5200425, at *1-*2 (10th Cir. Sept. 17, 2013) (agreeing with the Seventh Circuit that *Alleyne* is an extension of *Apprendi* and does not apply retroactively); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne*, like *Apprendi*, was not made retroactive); *Frank v. United States*, Nos. CV 113-113, CR 103-045, 2013 WL 4679826, at *3 n.1 (S.D. Ga. Aug. 30, 2013) ("The Court is not aware of any authority indicating that *Alleyne* is retroactively applicable, and the case itself provides no such indication."); *Ward v. United States*,

No. 1:02-cr-00063-MR-1, 2013 WL 4079267, at *2 (W.D. N.C. Aug. 13, 2013) (finding that petitioner's motion was untimely and § 2255(f)(3) did not apply because the Supreme Court has not found that *Alleyne* is retroactive to cases on collateral review); *Luney v. Quintana*, No. 6:13-003-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013) (noting that "there is no indication in . . . *Alleyne*, that the Supreme Court made [that] holding [ ] retroactive to cases on collateral review."). Indeed, I have not found any court that has determined that *Alleyne* applies retroactively. Thus, Richards's argument is without merit.

The § 2255 statute of limitations began to run on the date Richards's convictions and sentences became final. Richards's convictions became final on January 18, 2011, when the Supreme Court denied certiorari. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (holding that a federal judgment becomes final, for purposes of the AEDPA's statute of limitations, when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if the prisoner does not seek certiorari, when the time for filing a certiorari petition expires).

Richards had one year from the date his convictions became final, or until January 18, 2012, to file a motion to vacate. Richards filed his motion to vacate in

this Court on July 8, 2013, over a year after the limitation period expired.[2]  Because

Richards's motion to vacate was filed outside the limitation period, it is untimely.

The one-year limitation period is subject to equitable tolling.  *See Holland v.*

*Florida*, 130 S. Ct. 2549 (2010).  In order to obtain equitable tolling of the AEDPA's

filing deadlines, Richards must show that:  (1) he had been pursuing his rights

diligently, and (2) some extraordinary circumstance stood in his way and prevented

timely filing.  *Id.* at 2562 (citation omitted).  Equitable tolling is generally limited to

rare and exceptional circumstances.  *See Helton v. Sec'y for Dep't of Corr.*, 233 F.3d

1322, 1325 (11th Cir. 2000).  Richards does not raise any argument to justify tolling

the limitation period.  Thus, Richards is not entitled to equitable tolling of the

limitation period.

III.  Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the

United States District Courts, a district court "must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C.

---

[2]Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed
filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487
U.S. 266, 275-76 (1988).  Richards indicates that he delivered the motion for mailing
on July 8, 2013.  [Doc. 1000 at 7].

§ 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."   A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.   *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Richards has failed to make a substantial showing of the denial of a constitutional right.   Richards filed his § 2255 motion after expiration of the limitation period, and he has failed to show that he is entitled to any tolling of the one-year period.   Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV.   Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Robert Richards's motion to vacate sentence [Doc. 1000] be **DENIED** as untimely.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

7

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 20th day of September, 2013.


GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)